IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03-30010 |
| | ) | |
| BRANDI R. ELLIS and PATRICIA I. LOGSDON, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Government's motion to reduce the sentence of Defendant Brandi R. Ellis [d/e 155] and the Government's motion to reduce the sentence of Defendant Patricia I. Logsdon [d/e 156].

On July 19, 2004, the Court sentenced both Defendants to 121 months in the custody of the Bureau of Prisons. At the time of sentencing, the Court was informed that both Defendants were rendering assistance to the Government in its investigation of other criminal offenses. The Defendants were not rewarded for their assistance because it was not yet complete. Their assistance is now complete.

On October 3, 2005, a hearing was conducted on the Government's motions to reduce the Defendants' sentences pursuant to Rule 35(b)(1) of the Federal Rules of Criminal Procedure. At the hearing, the Government detailed the nature and extent of the Defendants' cooperation in the investigations and prosecutions of other individuals. Specifically, the Defendants testified on behalf of the Government in *United States v. David Bruns*, Case No. 02-30051. Additionally, the Defendants provided substantial assistance in the investigation and prosecution of individuals in cases such as *United States v. Christopher Gilker*, Case No. 03-30010,[1] *United States v. Joshua Calvert*, Case No. 04-30018, and *United States v. Craig and Joseph Abbey*, Case No. 04-30032. The information provided by the Defendants was helpful to the Government in obtaining convictions. In other cases, the information likely played a role in persuading defendants in other cases to plead guilty.

Based on the nature and extent of the Defendants' cooperation, the Government requested a 40 percent downward departure from the original sentence of 120 months imprisonment to a sentence of 72 months imprisonment. The Defendants agree with that recommendation.

Given the substantial assistance provided to the Government by Ms. Ellis and Ms. Logsdon, the Court agrees with the parties that a reduction of

---

[1] Mr. Gilker was a co-Defendant in this case.

40 percent in the sentences of both Defendants is appropriate in this case. For good cause shown, therefore, the Court will ALLOW the motions for a downward departure.

<u>Ergo</u>, the Government's motion to reduce the sentence of Brandi R. Ellis [d/e 155] is ALLOWED.  Ms. Ellis's sentence is hereby reduced from a term of 121 months to 72 months in the custody of the Bureau of Prisons.  The remaining terms of her sentence will remain in effect.  The Court also recommends to the Bureau of Prisons that Ms. Ellis be housed in a facility as close to Quincy, Illinois as is possible.  The Government's motion to reduce the sentence of Patricia I. Logsdon [d/e 156] is ALLOWED.  Ms. Logsdon's sentence is hereby reduced from a term of 121 months to 72 months in the custody of the Bureau of Prisons.  The remaining terms of her sentence will remain in effect.  The Court also recommends to the Bureau of Prisons that Ms. Logsdon be housed in a facility as close to Quincy, Illinois as is possible.

ENTER: October 4, 2005

                      FOR THE COURT:

                                      s/Richard Mills
                                      United States District Judge